**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Jeriod Knerr,** **Civil No. 01-2087 (JEL/SRN)**

**Petitioner,**

**v.** **ORDER**

**Rob Mundt, Warden**

**Respondent.**

---

Jeriod Knerr, appearing Pro Se

Frank J. Magill, Jr., Esq., on behalf of Respondent

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Request for Appointment of Counsel (Doc. No. 12) and Request for an Extension of Time to File Reply (Doc. No. 13). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Plaintiff's request for appointment of counsel is denied and his request for an extension of time to file a reply is granted.

## I. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to appoint counsel to represent him in this matter. Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v.

FILED OCT 2 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the court would benefit from having the litigant represented by counsel. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and that he will be able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Therefore, Plaintiff's request for counsel will be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Request for Appointment of Counsel (Doc. No. 12) is **DENIED**.

2. Plaintiff's Request for an Extension of Time to File Reply (Doc. No. 13) is **GRANTED**; Plaintiff shall file a reply on or before November 28, 2002.

Dated: October 29, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge