UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeriod Knerr,

Petitioner,

v.

Constance Reese, Warden

Respondent.

---

Civil No. 01-2087 (JEL/SRN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the undersigned Magistrate Judge of District Court on Petitioner Jeriod Knerr's Amended Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus. [Doc. Nos. 4, 5]. The matter has been referred to the undersigned for a Report and Recommendation pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c). For the reasons set forth below, the Court recommends that the petition be denied and the case be dismissed with prejudice.

## I. BACKGROUND

Petitioner, an inmate at the Federal Correctional Institution at Waseca[1] at the time the present action was filed is seeking relief under 28 U.S.C. § 2241 for alleged violations of his rights relating to his ineligibility for early release after completion of a drug abuse program. [Doc. No. 1.] Petitioner contends that the Bureau of Prisons ("BOP") violated the Administrative Procedure Act's ("APA") requirement of notice and comment before implementing the 1997 regulations that operate to determine eligibility for early release

---

[1] Plaintiff was transferred to the Federal Medical Center at Rochester on December 19, 2001. Constance Reese, the Warden at FMC-Rochester, therefore, is substituted as Respondent in this case.

FILED DEC 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

after completion of the Residential Drug Abuse Program under 18 U.S.C. § 3621. Respondent argues that the decision of the BOP to interpret the language of 18 U.S.C. § 3621(e)(2)(B) is within the authority granted by Congress under that section; that denial of early release does not rise to the level of a constitutional violation; that the decisions of the BOP are not judicially reviewable under the APA, and that no private cause of action exists.

On July 22, 1998, an Indictment was returned in the United States District Court for the District of Minnesota charging petitioner with Possession of a Firearm by a Person Under Indictment on December 6, 1997, in violation of 18 U.S.C. § 922(n) and 924(a)(1). Government's Response In Opposition To Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, Exhibit A, Declaration of Deborah Locke, ¶ 4 ("Locke Decl.") On October 2, 1998, petitioner pled guilty to the Count charging him with Possession of a Firearm by a Person Under Indictment. Locke Decl., ¶ 5. Plaintiff received a two level enhancement for a firearm that was stolen or had an obliterated serial number; a two level enhancement for the number of firearms involved; and a four level enhancement for possessing firearms in relation to another offense, based on his Presentence Investigation Report ("PSI"). Locke Decl., ¶ 6. On December 14, 1998, petitioner was sentenced to a sixty month prison term. Id.

On July 1, 1999, petitioner was deemed ineligible for early release under 18 U.S.C. § 3621(e). Locke Decl., ¶ 9. On December 16, 1999, he was deemed provisionally eligible for early release under the same provision. Id. On March 5, 2001, petitioner was deemed ineligible for early release under 18 U.S.C. § 3621(e) based on BOP Program Statement 5162.04. Id. However, after he was informed of his ineligibility for early release, petitioner

began the Drug Abuse Program and completed it on December 18, 2001. Id. Petitioner exhausted his administrative remedies with respect to the determination that he is ineligible for early release under 18 U.S.C. § 3621(e)[2] but has not exhausted his present claim that Program Statements 5162.02 and 5162.04[3] violate the notice and comment provision of the APA. Locke Decl., ¶ 10.

## II. DISCUSSION

### A. Exhaustion

Federal prisoners are required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). An administrative remedy system is in place and affords inmates confined in federal facilities the opportunity to seek relief for their grievances. See 28 C.F.R. §§ 542.10-542.16. In the context of a § 2241 petition, exhaustion is not a jurisdictional requirement. Lyle v. Sivley, 805 F.Supp. 755, 757 (D. Ariz. 1992). Thus, a court may excuse the failure to exhaust and reach the merits of the claim. Id.

Petitioner argues that although he has exhausted his substantive challenges to the BOP's decision to deny him eligibility for early release, it would be futile to exhaust his present claim. Petitioner's present claim attacks the procedural validity of Program Statements that the BOP have adopted as policy and instructed its staff to follow.

---

[2] Petitioner does not raise a substantive challenge herein to the the determination that he is ineligible for early release under 18 U.S.C. § 3621(e).

[3] A copy of Program Statement 5162.04 is attached as Exhibit 5 to the Locke Declaration.

Petitioner's presentation of his claim to the BOP would be futile and the exhaustion requirement would serve no purpose other than delay. See Tasby v. Pratt, 2002 WL 1160071 (N.D. Tex. May 29, 2002). Thus, the Court will address the merits of petitioner's claim.

**B. Whether the BOP Program Statements are Subject to the Rule-Making Provisions of the Administrative Procedure Act.**

Petitioner requests that the Court "strike down BOP's October 1997 rule 5162.02 and its contemporary incarnation 5162.04, because it is not an interpretive rule but instead a new rule that is in disagreement with other BOP program statements, is promulgated in violation of the requirements of the APA, as such, violates petitioner's substantial rights." Application for Writ of Habeas Corpus, Doc. No. 5 at 10-11. The history of BOP Program Statements 5162.02 and 5162.04 and related laws and regulations are relevant to petitioner's claim.

"Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes." Lopez v. Davis, 531 U.S. 230, 233 (2001). In 1994, Congress amended § 3621 to provide an incentive for prisoner participation in BOP drug treatment programs. Id.; 18 U.S.C. § 3621(e)(2)(B)(stating [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.)

In 1995, the BOP published a rule to implement the early release incentive. See 28 C.F.R. § 550.58. The BOP announced that all inmates currently incarcerated for a crime of violence would be ineligible for early release because § 3621(e)(2)(B) explicitly

confined the incentive to prisoners convicted of nonviolent offenses. Lopez v. Davis, 531 U.S. at 234. BOP Program Statement 5162.02, enacted in July 1995, defined crimes of violence. However, the Courts of Appeals divided over the validity of the BOP's definition of crimes of violence to include drug offenses that involved possession of a firearm. Id.

The Eighth Circuit held that the question of the BOP's authority to include sentencing factors in its definition of crime of violence is reviewable and not precluded by 18 U.S.C. § 3625, which does not exclude the applicability of the rule-making provisions of the APA (5 U.S.C. § 553) from the BOP's authority to make determinations under § 3621. Martin v. Gerlinski, 133 F.3d 1076, 1078 (8th Cir. 1998). Hence, the Court of Appeals would not be precluded from reviewing the BOP's definition in its Program Statement, if the Program Statement was a legislative rule. The Eighth Circuit concluded that Section 9 of the Program Statement constitutes a legislative rule because it did not merely explain what is a crime of violence within the parameters of the offense itself, or by way of the definition accorded it under the regulation, but it expanded the scope of the regulation. Id. at 1079.

Further, the Court held, "whether the Program Statement is a legislative rule or an interpretive rule, § 3625 does not divest this court of jurisdiction to review whether the BOP exceeded its statutory authority by categorically considering sentence enhancement factors, even though the court may not review the BOP's discretionary decision to deny a sentencing reduction." Id. The court concluded that the BOP exceeded its statutory authority because § 3621(e)(2)(B) requires the BOP to look to the offense of conviction to determine whether it meets the definition of nonviolent

offense and § 3621does not address sentencing or sentencing enhancement factors. Id. Thus, because the BOP defined a nonviolent offense as an offense that is not a crime of violence under 18 U.S.C. § 924(c), and Section 9 of the Program Statement further rendered ineligible those prisoners who were not convicted of a crime of violence but received sentence enhancements for possession of a firearm, the inclusion of the sentencing factors in the determination of what is a nonviolent offense is not a permissible interpretation of the statute. Id.

In 1997, the BOP promulgated a revised regulation and Program Statement to define inmates' eligibility for early release under § 3621(e)(2)(B). Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999); 28 C.F.R. § 550.58 and Federal Bureau of Prisons Program Statement 5162.04 (categorization of offenses)(Oct. 9, 1997). The BOP issued Program Statement 5162.04 on October 9, 1997. On October 15, 1997, the BOP published an amended version of 28 C.F.R. § 550.58, which was almost identical to the Program Statement published a few days earlier. Id. The amended interim regulation provided for comment until December 15, 1997, however, the regulation became effective on October 9, 1997. Id. On December 22, 2000, the BOP promulgated a final version of the amended rule. Id. at 122, n.3 citing 28 C.F.R. § 550.58; 65 Fed. Reg. 80745.

Two groups of offenses are identified by the regulation and program statement. Id. The first group of offenses are crimes of violence. See BOP Program Statement 5162.04 §§ 1, 2, 5, 6, 9. The second group of offenses are called "director's discretion offenses" a conviction for which renders an inmate ineligible for the early release incentive. Bellis v. Davis, 186 F.3d at 1094; 28 C.F.R. § 550.58(a)(1)(iv) and BOP

Program Statement 5162.04 §§ 1, 2, 5, 7, 9. Under 28 C.F.R. § 550.58(a)(1)(iv)(B), an inmate convicted of a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon is not eligible for early release. Section 7 of the program statement identifies particular offenses that the director of the BOP decided will preclude eligibility for early release. Bellis v. Davis, 186 F.3d at 1094.

Ten federal prisoners in Bellis argued that the BOP exceeded its statutory authority by categorically excluding inmates who were not convicted of nonviolent offenses from eligibility for the early release incentive. Id. The Eighth Circuit held that the BOP's current regulations and program statement are not contrary to its decision in Martin v. Gerlinski because that case examined the portion of the statute that limits eligibility for early release to nonviolent offenders. Bellis v. Davis, 186 F.3d at 1095. The court did not address whether the BOP may, as an exercise of discretion, look to sentencing factors in deciding which individuals, among statutorily eligible inmates, are appropriate candidates for early release. Id.

The court reasoned that the language of § 3621 is discretionary and does not mandate that the BOP grant a sentence reduction to any particular inmate or class of inmates. Id. The court noted that Congress expected the BOP to make early-release determinations "based on criteria to be established and uniformly applied." Id. at 1095 quoting H.R. Rep. NO. 103-320, 1993 WL 537335 (Nov. 3, 1993). In sum, the court concluded:

> The BOP chose to exercise the discretion granted to it under the statute by identifying additional categories of inmates who are ineligible for the early-release program because, although their offenses may be "nonviolent" within the meaning of the statute, their underlying conduct indicates

> that they pose a serious risk to public safety. We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.

Id.

In Lopez v. Davis, the Supreme Court affirmed the judgment of the Eighth Circuit in Bellis v. Davis. 531 U.S. at 238. The Court declined to address whether the BOP violated the notice and comment requirements of the Administrative Procedure Act when it published the 1997 regulation because the issue was not raised or decided in the court below. Id. at 244, n.6. That issue is now before this Court.

Petitioner asserts that his rights were violated when the BOP failed to comply with the notice and comment requirements of 5 U.S.C. §553 when it promulgated Program Statements 5162.02 and 5162.04. As Martin v. Gerlinski illustrates, a preliminary issue is whether the BOP's Program Statements are subject to the APA's rule-making provisions. 133 F.3d at 1079. Although 18 U.S.C. § 3625 provides that "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [18 U.S.C. §§ 3621-3526], the notice and comment requirements of the rulemaking provisions under 5 U.S.C. § 553 are absent from the list of exclusions. However, the notice and comment requirements of this provision do not apply to interpretive rules. 5 U.S.C. § 553(b)(3)(A).

In Green v. Bureau of Prisons, the court rejected a similar claim involving BOP Program Statement 5100.07. 2002 WL 31548084 *2 (D. Minn. Nov. 12, 2002). The court noted that the United States Supreme Court has recognized that BOP Program

Statements are merely internal agency guidelines and are not subject to the rigors of the APA's public notice and comment provisions. Id. quoting Reno v. Koray, 515 U.S. 60, 61 (1995).

Petitioner urges the Court to look beyond the title of Program Statement to determine if, in fact, BOP Program Statement 5162.04 is a legislative rule that is subject to the notice and comment requirements of the APA. If a rule is inconsistent with or amends an existing legislative rule, it cannot be interpretive. Shalala v. Guernsey Memorial Hospital, 514 U.S. 87, 100 (1995). On the other hand, a prototypical interpretive rule is one that is issued by the agency to advise the public of the agency's construction of the statutes and rules which it administers. Id. at 99.

Petitioner argues that the program statement took traditionally viewed nonviolent crimes and made them crimes of violence for the purpose of 18 U.S.C. § 3621(e), albeit within the director's discretion to do so. Petitioner also contends that the section of the program statement that renders prisoners who are serving a sentence for a felony that involves the possession of a firearm ineligible for early release conflicts with Program Statement 5100.07, which eliminates possession of firearms as a public safety factor warranting increased security.

Although the BOP admits that the 1997 amended regulation, 28 C.F.R. § 550.58, clearly effected a change in existing law by listing categories of inmates who would not be eligible for early release, it argues that Program Statement 5162.04 is consistent with and interprets the regulation and, thus, is a valid interpretive rule.

Specifically, as it applies to petitioner, the BOP states that Program Statement 5162.04 is a clarification or explanation of 28 C.F.R. § 550.58 (a)(iv)(1997), which

denies eligibility to an inmate whose offense was a felony that involved possession of a firearm, a dangerous weapon, or explosives, including any explosive material or explosive device. Section 7 of the Program Statement lists director's discretion offenses that fall under subsection (a)(iv) of the regulation. Thus, the BOP argues the program statement is used to advise the public on how it interprets its own regulation and does no more than clarify existing law. The Court agrees that Program Statement 5162.04 is consistent with and interpretive of the amended rule codified at 28 C.F.R. § 550.58. See Gunderson v. Hood, 268 F.3d 1149, 1155 (9th Cir. 2001)("Program Statement 5162.04 did no more than clarify or explain existing law...")

The more difficult issue is whether the program statements, which interpret 28 C.F.R. § 550.58, must be struck down because the BOP violated the notice and comment procedures of the APA when it promulgated the interim rule on October 15, 1997. If an interim rule is improperly promulgated, it is invalid as to persons disqualified prior to the issuance of the final rule. Buschmann v. Schweiker, 676 F.2d 352, 358 (9th Cir. 1982).

However, in this instance, petitioner was denied eligibility for early release after issuance of the final rule. Petitioner was denied eligibility for early release under Program Statement 5162.04 on March 5, 2001. Locke Decl., ¶ 9. He did not complete the drug abuse program until December 18, 2001. Id. He exhausted his administrative appeals regarding the denial of eligibility thereafter. Locke Decl., ¶ 10. The interim rule, which took effect before the end of the APA notice and comment period, was superseded by the final version of the rule on December 20, 2000. 28 C.F.R. § 550.58; 65 Fed. Reg. 80745. At the time petitioner had completed that drug abuse program

and was denied eligibility for early release, Program Statement 5162.04 was a valid interpretive rule based on a valid final version of the legislative rule. Therefore, petitioner is not entitled to the relief he seeks.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Jeriod Knerr's Amended Petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc. Nos. 4 & 5) be **DENIED** and the matter be **DISMISSED WITH PREJUDICE**.

Dated: December 11, 2002

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.